NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

SHAD DOUGLAS COMPTON, *Appellant.*

No. 1 CA-CR 17-0637
No. 1 CA-CR 17-0646
(Consolidated)
FILED 4-24-2018

Appeal from the Superior Court in Maricopa County
Nos. CR2015-136161-001
CR2012-148891-002
The Honorable Michael W. Kemp, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Paul J. Prato
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Jon W. Thompson delivered the decision of the Court, in which Judge Peter B. Swann and Judge James P. Beene joined.

---

**T H O M P S O N,** Presiding Judge:

¶1 This case comes to us as an appeal under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon,* 104 Ariz. 297, 451 P.2d 878 (1969). Counsel for Shad Douglas Compton (defendant) has advised us that, after searching the entire record, he has been unable to discover any arguable questions of law and has filed a brief requesting this court conduct an *Anders* review of the record. Defendant has been afforded an opportunity to file a supplemental brief *in propria persona*, but he has not done so.

¶2 Defendant pled guilty in 2013 to one count of possession of drug paraphernalia, a class 6 undesignated felony. Imposition of defendant's sentence was suspended, and the court placed him on probation for a term of eighteen months to begin on July 1, 2013.

¶3 In June of 2015, Phoenix police conducted a data base search of local pawn shop activity. Police uncovered, based on a recorded pawn ticket with defendant's fingerprint on it, that defendant pawned a .25 caliber Beretta handgun. After running defendant's data, police discovered that defendant had been convicted of a felony and was on probation at the time of the pawn.

¶4 Based on this information, police went to defendant's residence and read him his *Miranda* rights. Police then asked defendant if he pawned the handgun, to which he replied that it was his gun, he knew he was a felon and was not supposed to have it, and that he was getting rid of the gun so he did not do "something stupid."

¶5 Based on this incident, the state filed a supplemental petition to revoke defendant's probation in CR 2012-148891-002 in August 2015. The state then charged defendant with one count of misconduct involving weapons, a class 4 non-dangerous felony, in CR 2015-136161-001. A jury found defendant guilty of misconduct involving weapons. The state alleged, as an aggravating circumstance, that defendant was on probation

for a felony at the time the incident occurred and the jury found that the state had proven this aggravating circumstance.

**¶6**            The trial court sentenced defendant to the presumptive term of 4.5 years' imprisonment in CR 2015-136161-001 and gave him sixty days of presentence incarceration credit.  The trial court revoked defendant's probation in CR 2012-148891-002 and sentenced him to a supermitigated term of .25 years' imprisonment, to run consecutively with the sentence in CR 2015-136161-001.  Defendant timely appealed.

**¶7**            We have read and considered defendant's *Anders* brief, and we have searched the entire record for reversible error.  *See Leon*, 104 Ariz. at 300.  We find none.  All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and the sentence imposed was within the statutory limits.  Pursuant to *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984), defendant's counsel's obligations in this appeal are at an end.  Defendant has thirty days from the date of this decision in which to proceed, if he so desires, with an *in propria persona* motion for reconsideration or petition for review.

**¶8**            We affirm the convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED:   AA